# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LARRY ANDREW PIATEK,

        Plaintiff,        Case No. 04-C-851

    v.

DAVID GRAVES, KURT PICKNELL,
MICHAEL SCHMITZ, JOHN DELANEY
and KEVIN HURST, HEALTH
PROFESSIONALS, LTD., ELIZABETH PETERS
and BRIAN BOHLMANN,

        Defendants.

## OPINION AND ORDER

Having reviewed the briefs and other papers of the parties, the court ORDERS that the"Defendants Health Professionals, Ltd., Elizabeth Peters, and Dr. Brian Bohlmann's Rule 12(b)(6) Motion to Dismiss the Plaintiff's Complaint" (filed 12/2/04) IS DENIED. There are no allegations in the Plaintiff's Complaint involving these parties. However, this case has not yet been scheduled. The court's scheduling order contains a provision for amending the pleadings. Therefore, the Plaintiff will have leave to amend his pleadings to state claims against the movants.

IT IS FURTHER ORDERED that the parties shall comply with the following scheduling provisions:

1. The parties have leave of court to serve and file, without motion, all pleadings joining additional parties or amending the pleadings on or before May 20, 2005. If, at any stage of these proceedings, additional parties are joined, a copy of this

scheduling Order must be served with the summons and the additional parties shall be bound by its provisions.

2. The parties must complete all discovery, except that of expert witnesses, on or before July 1, 2005. See Civil Local Rule 26.2.

3. The Plaintiff must disclose his expert witnesses (including in-house experts not covered by Federal Rule of Evidence 701) on or before July 1, 2005. This disclosure must include the names and addresses of all expert witnesses which the Plaintiff intends to call at trial, a narrative statement of each expert's background and experience, a copy of the report prepared by said expert or, in the absence thereof, a brief statement of the subject matter, facts and opinions upon which each witness will testify, along with a summary of the grounds for each opinion. It is understood that the expert will have completed his or her analysis and be in a position to render such opinions at the time of disclosure. See Civil Local Rule 26.1.

4. The Defendants must disclose their expert witnesses (including in-house experts not covered by Federal Rule of Evidence 701) on or before August 1, 2005. This disclosure must include the names and addresses of all expert witnesses which the Defendants intend to call at trial, a narrative statement of each expert's background and experience, a copy of the report prepared by said expert or, in the absence thereof, a brief statement of the subject matter, facts and opinions upon which each witness will testify, along with a summary of the grounds for each opinion. It is understood that the expert will have completed his or her analysis and be in a position to render such opinions at the time of disclosure. See Civil Local Rule 26.1.

5.  The parties must complete all discovery of expert witnesses on or before September 1, 2005.

6.  The parties must serve and file all dispositive motions on or before September 15, 2005.  See Civil Local Rule 7.1.

7.  If necessary, a final pretrial and trial will be scheduled after any dispositive motions are resolved.

8. Failure to comply with the provisions of this scheduling Order will result in sanctions which could include dismissal.

IT IS FURTHER ORDERED that neither the pendency of motions nor settlement discussions shall affect any of the dates set in this action, and neither shall justify delays in the taking of discovery.  The parties are urged to consider availing themselves of alternative dispute resolution procedures.

Pursuant to Federal Rule of Civil Procedure 16(e), this Order shall control the course of this action unless modified by a subsequent order.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin this 21st day of April, 2005.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge